### HEWITT & NEWTON V. R. PATRICK.

It seems that a partner, notwithstanding an injunction at the suit of his copartner restraining him from disposing of the partnership assets, can prefer one or more of the creditors of the partnership, who are not parties to the injunction suit nor interested in it; provided, that in so doing he does not interfere with the rights of the partner by whom he has been enjoined.

A, the managing partner of a firm in liquidation, was enjoined by B, his copartner, from disposing of the firm property or assets. Pending the injunction, A, in satisfaction of a debt of the firm, made to C, the creditor, a bond for the conveyance of title to land belonging to the firm, as soon as the injunction against him should be dissolved. Afterwards, D, another creditor, obtained judgment against the firm of A and B, and under execution therefrom the land contracted by A to C was sold. Held: That a party deriving title under the execution sale could not invalidate the title of C on the ground that it was conveyed to him in violation of the injunction in the suit between A and B.

The reason and object of the rule requiring a strict observance of an injunction is for the protection of parties and privies to the suit; and a stranger to the suit cannot complain that a contract was made in violation of the injunction, when he was not affected thereby at the time the contract was made.

APPEAL from Bexar. Tried below before the Hon. Thomas J. Devine.

This was an action of trespass to try title to 1400 acres of land in Bexar county, originally instituted by the appellants against D. C. Davenport as defendant. The appellee, Patrick, intervened as lessor of the defendant Davenport, and asserted title in himself

to the land in controversy.   The other facts are sufficiently stated in the opinion of the court.

There was verdict below for Patrick, the intervenor, and judgment in his favor for the land in controversy.

*Hewitt & Newton*, for appellants.

*W. B. Leigh*, for appellee.

MOORE, J.   The land in controversy was purchased by Lockwood and Stumburg, in 1850; but at that time, Lockwood and Cook were partners, and although the title for one-half of it was taken in Lockwood's name, it seems to have been paid for with partnership funds, and to have been recognized by the parties as partnership property.   On the 17th of November, 1851, the partnership between Cook and Lockwood was dissolved; and Cook, in consideration of Lockwood agreeing to discharge all of the partnership liabilities, and to pay to him the sum of twelve thousand dollars, conveyed to Lockwood all of his interest in the property and effects of the firm.   But on the 28th of February, 1853, Cook brought suit against Lockwood for a settlement of the partnership accounts and partnership debts, and at the same time obtained an injunction restraining him from interfering with, or in any manner disposing of any of the partnership property or assets. This suit was not finally disposed of in the District Court until the 26th of March, 1858, when a judgment was rendered in favor of Cook for said sum of twelve thousand dollars, and interest thereon from the time it became due, by the terms of said contract for the dissolution of the partnership; and, also, for the foreclosure of a mortgage given by Lockwood to secure its payment; but the injunction was not made perpetual, nor was any notice whatever taken of it in the final decree.

On the 23d of March, 1853, after the writ of injunction had been served upon him, Lockwood contracted to sell the land to the appellee, in payment of a debt due him by the firm of Lockwood & Cook, and executed a bond to make him a title so soon as he should be authorized to do so by a dissolution of Cook's injunc-

tion, or when said suit should be in any way disposed of so as to leave him free to make a conveyance of the land.

Subsequently, however, on the 17th of December, 1853, a judgment was recovered by Lewis, Grant and Van Blarcom, against the firm of Lockwood and Cook, upon which an execution was issued and levied upon the land in controversy, and the same was, on the 7th of March, 1854, sold by the sheriff to T. H. Stribling, under whom by mesne conveyances the appellants claim.

It will be seen from this statement, that, the decision of the question at issue between the parties depends entirely upon the effect that is to be given to the injunction in the suit by Cook against Lockwood. And in considering this, it is to be borne in mind that the appellants are in no manner connected with that suit, and do not claim that they derive *per se* any rights through or under it. The parties under whom appellants claim were creditors of the firm of Lockwood and Cook, and sought to collect their debt, as they well might, independent of, if not in opposition to, the litigation between them. The appellee was also a creditor, and had an equal right with them to resort to all lawful means to collect or secure his claim. He could not do this by any contract or agreement with Lockwood that would be prejudicial to Cook, both by reason of the *lis pendens*, and that he had notice of the injunction. But the contract between appellee and Lockwood was made in strict subordination to Cook's rights.

It is said in the case of M'Credie v. Senior, (4 Paige, 378,) that an injunction issued in a suit by a partner, prohibiting the other partners from meddling with the partnership property, will not prevent creditors of the firm from proceeding at law to recover their debts, nor will it restrain any member of the firm from confessing a judgment to such creditors, so as to give them preference in payment. If this be so, we cannot perceive why, notwithstanding the injunction, a party cannot contract or deal with creditors who are not parties to the injunction suit and in no way interested in it, so as to give such of them as he should see fit a priority or preference, when this is done without any interference with the rights of the partner by whom he has been enjoined. The reason and object of the rule which requires a strict observance of

the injunction, is for the protection of parties and privies to the suit. It surely would not be insisted that a party who should violate an injunction could be attached for so doing at the instance of any party not connected with the suit. (M'Credie v. Senior, supra.) Why, then, shall any other party be permitted to claim that the act is void because in contempt of process to which he is not a party, and in which he has no interest? We cannot agree that such is the case. If the contract between appellee and Lockwood had been in violation of the injunction, it does not appear in any manner to have thereby affected appellants, and they have therefore no right to complain of it.

The judgment is affirmed.

Judgment affirmed.