### G. G. Houston v. I. D. and W. B. Newsome.
#### No. 3301.

1. **Construction of Writing.**—To a promissory note was added the words: "At the maturity of this note as above specified I shall have the privilege of extending the time for its payment for the term of an additional two years, interest to be due and payable as above specified, by giving the holder hereof written notice of my intention." *Held*, the parties intended that the notice should be given at the time stated, and such notice was vital to the existence of the extension. A notice after maturity would avail nothing.

2.   **Business Homestead.** — See facts upon which it is held that a storehouse leased out, but in which is kept the safe of the owner, with privileges of writing, etc., in the house, can not be regarded as the business homestead of a cattle dealer and real estate agent.

3.   **Error in Finding by Court.**—The finding of the amount due upon the note involved in the suit by the court was erroneous; the true amount ascertained by calculation was inserted in the judgment. This correction was proper

APPEAL from Collin.   Tried below before Hon. H. O. HEAD. The opinion states the case.

*Henry A. Finch,* and *Garnett, Muse & Mangum,* for appellant.—1. The court erred in finding and concluding as a matter of law that it was the duty of the plaintiff to give notice prior to the maturity of said note of plaintiff's intention to claim the two years extension of the time provided for therein.   If the parties by the terms of the contract have not made time the essence thereof, it will not be considered material.   Tom v. Wollhoefer, 61 Texas, 280; Scarborough v. Arrant, 25 Texas, 135; Ahl v. Johnson, 20 How., 511.

2.   The homestead is allowed as well for the unfortunate as for the successful.   As long as the head of the family is attempting to use it for the purposes of business it is protected.   Const., art. 16, sec. 51; Gassoway v. White, 70 Texas, 478; Hargadene v. Whitfield, 71 Texas, 482; Kauffman v. Fore, 73 Texas, 308.

*J. W. Throckmorton, Abernathy & Beverly,* and *Craig & Wolfe,* for appellees.—1. The appellant having failed to give notice at any time that he claimed the option of extending the date for the maturity of said note, the same became due and payable at the expiration of two years.

2.   A business homestead is only exempt for the purpose of protecting the business of the head of the family which is in fact being carried on in such building; and at the time the deed in trust was executed the plaintiff was not so using the building in controversy herein.   McDonald v. Campbell, 57 Texas, 617; Shryock & Rowland v. Latimer, 57 Texas, 674; Jacobs, Bernheim & Co. v. Hawkins, 63 Texas, 3; Inge & Boring v. Cain, 65 Texas, 80; Miller v. Menke, 56 Texas, 564.

TARLTON, JUDGE, *Section B.*—December 28, 1888, appellant G. G. Houston filed in the District Court of Collin County his petition praying for an injunction to restrain the sale advertised to take place on December 31, 1888, by appellees, of a house and lot in the town of McKinney, Collin County, under the power contained in a deed of trust executed by appellant March 13, 1886.   The grounds for the relief sought were:   1. That the property was the business homestead of appellant, the head of a family, at the time of the execution of the deed

of trust, the business of appellant being that of a cattle dealer and real estate agent. 2. That the deed of trust was void, in that it did not describe the amount of indebtedness due by appellant to appellees or either of them. 3. That the note which the deed in trust was in fact executed to secure was not due and would not mature until March 16, 1890, because by its terms appellant would have the right at its maturity, March 13, 1888, to extend the payment of the indebtedness two years, if he desired so to do, provided he would at such maturity notify appellees in writing of his desire to avail himself of the extension; that appellant did accept the option and give the requisite notice.

Appellees answered, filing a motion to dissolve the injunction, denying under oath the allegations of the bill, averring that the property had been leased by appellant, and by way of cross-bill prayed for affirmative relief and for judgment for the amount of the note in favor of appellee I. D. Newsome, the payee of the note, and for the foreclosure of the lien expressed in the deed in trust. The court having sustained the motion to dissolve, appellant filed his first amended original petition, alleging that while it was true that he had leased a portion of the lower story, which consisted of one room with no partition in it, he reserved in his rental contract the right to use the room as his business office. In addition to the use alleged in his original petition, that he occupied a portion of the building as his office for the transaction of his business as a real estate agent and cattle dealer, appellant in his amendment alleged as ground of exemption that he had a remnant of a stock of goods stored in one of the upper rooms, which he was engaged in selling from time to time as he could find buyers.

January 28, 1888, the court, trying the case without a jury, rendered judgment that appellant take nothing, etc., and that the appellee I. D. Newsome recover from appellant the sum of $3584.16, with foreclosure of the lien on an undivided half of the property, which the court found to be the interest of plaintiff, and for costs in favor of both appellees. The court's conclusions of law and fact are as follows:

"1. I find that the plaintiff, G. G. Houston, is the owner of an undivided one-half interest in the house and lot described in his petition; that the house there described is a two-story brick storehouse consisting of one storeroom 30x—— feet, such as is commonly used for merchandising purposes, below, and the upper story divided into two rooms, the front one being rented out as an office and the others applied to no particular use so far as shown by the evidence except to store some goods by plaintiff, as hereafter shown. That for a year or two prior to the year 1882 the plaintiff Houston was engaged in the business of a hardware merchant in the storeroom above described, but that during said year he closed out said business, and the remnant of his stock, amounting to about $500 in value, he stored in one of the rooms upstairs. He then quit the business of merchandising altogether and

commenced dealing in cattle, and as agent of his father, who lived in Mississippi, attended to renting out and improving some farms in the country. His dealings in cattle were not conducted as a commission merchant, but by riding over the country and buying, selling, and trading on his own account, and filling contracts he would make with other parties. From the time plaintiff ceased, business as a hardware merchant, in 1882, said building has been rented out to different tenants in the usual way of such buildings kept for rent, with the exception that plaintiff's safe by arrangement with the different tenants has always remained out of the way in one of the rear corners of the store, and plaintiff has kept his books and papers in this safe, and has been in the habit of doing any little writing he might have occasion to do at the desk of the occupant of the building, and in a general way making said store his headquarters or loafing place, and persons having business with him would usually go to said store to inquire for him. In October, 1885, plaintiff leased said store to O. L. Biebinger & Co. for the term of two years, and in the written memorandum of lease signed by said Biebinger & Co. the following clause appears, to-wit, 'Houston reserves for safe and office.' During this lease plaintiff's actual use of the building was the same as it had been with the previous tenants, and was of the nature above indicated. During this Biebinger & Co. lease plaintiff borrowed the money from defendant Newsome and executed the note and mortgage or deed in trust as set forth in defendant's answer, and at this time told defendant that he claimed no part of said building to be his homestead. During the series of years since plaintiff closed his hardware business he has in a few instances sold parts of the remnant of the goods stored upstairs in the building as above set forth, but a small remnant of said goods has always remained and is now in said upper room. At the time plaintiff borrowed said money from defendant his intention was to invest it with other funds in a large herd of cattle and take them to a western range and there remain with them, and in fact he did so invest said money, but before he got his ranch established a decline in the price of cattle necessitated the abandonment of his scheme and rendered him insolvent. Plaintiff is now and has been ever since before the closing of his hardware business, in 1882, a married man with a residence homestead in the city of McKinney, where said storehouse is situated, and prior to the closing of said business there can be no question but that his interest in said store constituted his business homestead, and such interest has at no time exceeded in value the sum of $5000. I find that plaintiff did not in writing or verbally give notice of his intention to keep the money the additional two years called for in note at any time until filing of original petition, December 30, 1888; but since the note became due defendant Newsome has made repeated demands for payment of second year's interest, which

has not been made, and never gave any notice of his intention to foreclose deed in trust until the advertisement complained of in plaintiff's petition, and no steps would have been taken 'to foreclose same had the interest been paid, and that defendant Newsome never at any time made demand for payment of the principal of the note.

"2.    I conclude that a business homestead is only exempt for the purpose of protecting the business of the head of the family which is in fact being carried on in such building, and that at the time the deed in trust was executed to defendant the plaintiff was not so using the building in controversy herein as to make it exempt as his business homestead, and I therefore conclude that the defendant I. D. Newsome should have judgment against the plaintiff G. G. Houston for the sum of $3533.33⅓, being the amount now due on the note set up in his answer, and that his mortgage upon the one-half interest of plaintiff in the land upon which he claims such lien in said answer should be foreclosed.

"3.    I conclude that to entitle plaintiff to the extension of two years called for in the note it was his duty to give notice of his intention so to do in writing before the note was due, unless this was waived by the owner, and that the facts in this case do not show such waiver."

Appellant's first assignment of error, which covers also his second assignment, is that "the court erred in rendering a judgment on the note sued upon and in ordering a foreclosure of the lien in the deed of trust, because said note was not due at the date of the rendition of said judgment."    The note sued on is as follows:

"$3000.    Two years after date I promise to pay I. D. Newsome or order, at McKinney, Texas, the sum of $3000, with interest from date at the rate of 10 per cent per annum; said interest to become due and payable at the end of each year from the date hereof, and if not then paid it shall become a part of the principal of this note and bear interest at a like rate per cent until paid.    At the maturity of this note as above specified I shall have the privilege of extending the time for its payment for the term of an additional two years, the interest to be due and payable as above specified, by giving the holder hereof written notice of my intention.    Value received and borrowed money.    Witness my hand this 13th day of March, A. D. 1886.

"G. G. HOUSTON."

Indorsed on the back, "Paid July 5th, '87, $300."

The evidence justifies the conclusion that appellant failed at the maturity of the note to give the notice therein required, or in fact any character of notice that he claimed the option of extending the date for the maturity of the note.    Appellant, however, insists that notice at that time was not necessary; that "time was not of the essence of the contract;" and in effect that the notice given by the filing of the

petition in injunction, months after the maturity of the obligation and after failure to .pay even the interest due, was sufficient compliance with his agreement to give the notice which he undertook to give.

This position we are unable to sustain. The language of the agreement will not permit any other construction which, in our opinion, would be fair and reasonable, than that the parties intended that the notice should be given at the time stated, and that such notice was vital to the existence of the agreement. It was left entirely at the option of the appellant whether at the maturity of the note he would demand the extension or not. "The contract was unilateral; and in such cases it is the general rule, to which this case is no exception, that time is of the essence of the contract." Presidio Mining Co. v. Bullis, 68 Texas, 590. While the appellee, payee of the note, might have waived a compliance with the stipulation, the court below on sufficient evidence found against the existence of such waiver.

Appellant's third, fifth, and sixth assignments are in effect the same. They complain of the court's conclusion that the premises in controversy was not the business homestead of the plaintiff.

An inspection of the record shows that the court's findings of fact heretofore set out are in all material respects supported by the evidence. It is not necessary, therefore, to here repeat the facts with reference to appellant's use of the building in question. They are certainly not stated by the court more emphatically than the record would justify.

With reference to the building in controversy, the business of appellant seems to us to have been an "airy nothing." It was without a "local habitation," if not without "a name." It is difficult, in fact quite impossible, to conclude from the record that the appellant was conducting in this storehouse, rented out to tenants for mercantile purposes, at the time of the execution of the deed in trust, the business of a cattle dealer and real estate agent. The building was not adapted to the character of cattle dealing and real estate business which he was pursuing. The claim that he was also engaged as a merchant with reference to the remnant of the hardware stock stored in one of the upper rooms is equally unsubstantial. Our laws with reference to the exemption of business homesteads contemplate an actual or a real business in which one is engaged or for which one is preparing. Shryock v. Latimer, 57 Texas, 674. The court was correct in its conclusion that "the plaintiff was not so using the building in controversy as to make it exempt."

Appellant's fourth assignment charges error in the court in finding "that plaintiff intended to remain on a ranch in some western county with the cattle." As there was ample evidence to support the court's conclusion in regard to the homestead exemption, without reference to the plaintiff's intention to remain in a western county, this finding, if erroneous, is immaterial.

The court in its conclusions found that "the appellee I. D. Newsome should have judgment for $3533.33⅓, being the amount due on the note set up in his answer." The judgment is rendered in favor of I. D. Newsome in the sum of $3584.16. Appellant in his seventh assignment complains that the judgment is erroneous because of the excess.

The record shows that the amount of the recovery stated in the court's conclusions is due to a miscalculation of the amount due on the note. This miscalculation was corrected in the judgment, the amount of which does not exceed the sum due upon the note, as is apparent from the terms of the note. The rendition of the judgment for the proper amount was not erroneous.

The judgment should be affirmed.

*Affirmed.*