BARCLAY et ux. v. DISMUKE et al.

(Court of Civil Appeals of Texas. Beaumont. Nov. 23, 1917. Rehearing Denied April 10, 1918.)

1. ESTOPPEL ⬡⟹52—ESTOPPEL IN PAIS.

Where one by his acts, declarations, or silence, where it is his duty to speak, has induced another, in reliance on such acts, declarations, or silence, to enter into a transaction, he shall not later, to the hurt of the person so misled, impeach the transaction, being estopped so to do.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Estoppel.]

2. HOMESTEAD ⬡⟹122—RIGHTS OF MARRIED WOMEN—ESTOPPEL OF WIFE.

A married woman's title to her homestead cannot be vested out of her by an estoppel, worked by the conduct and declarations of her husband, to which she is not a party.

3. DEDICATION ⬡⟹53 — ALLEYWAY — SALE OF LAND.

Where land was sold and conveyed with reference to an alley, the purchaser acquired by dedication an easement in such alley which became charged with the incidental servitude, and the purchaser could have the alley kept open.

4. DEDICATION ⬡⟹53 — ALLEYWAY — SUIT TO KEEP OPEN—SPECIAL DAMAGE.

Where land was sold with reference to an alley which the seller dedicated as an inducement to the purchaser, such purchaser, suing to keep the alley open, is not required to plead and prove special injury to his property, as where a public road running by a person's farm is sought to be closed, to enjoin which special damage must be done the individual plaintiff; the suit not being brought by some person intrusted with the duty for the public.

Appeal from District Court, Tyler County; W. R. Blackshear, Judge.

Suit by R. B. Barclay and wife against E. A. Dismuke and others. From the judgment, plaintiffs appeal. Reversed and rendered.

J. A. Mooney, of Woodville, for appellants. Thomas & Wheat, of Woodville, for appellees.

KING, J. Suit by appellants against appellees, in the ordinary form of trespass to try title, and with further pleading that appellees be required to open up a 20-foot alley between them, was filed in the district court of Tyler county on the 14th day of July, 1915, together with a plea of five and ten years' limitation.

Appellees· answered, disclaiming all of the land described, except such part as was included in certain field notes pleaded by them; also general demurrer and plea of not guilty. The warrantors· of appellees were made parties defendant, and affirmative relief was also asked against appellants for certain alleys inclosed by them.

A trial was had without the aid of a jury, and the court on February 22, 1917, rendered judgment to all that part of the land sued for, except a certain strip embraced in appellees' field notes to appellants, and in favor of appellees for said strip, and requiring appellees to open up a 20-foot alley, and denying appellees' prayer for opening up a street inclosed by appellants, and injunction prayed for by them. The warrantors were discharged, with costs. The case is properly before this court for revision.

In 1881, T. D. Rock, the agreed common source, conveyed to Ellen Barclay, wife of R. B. Barclay, a part of a block of land within or near the town limits of Woodville, described as follows:

"Beginning one hundred and ninety (190) feet S. 2° east of the southwest corner of lot No. three (3) in block six (6) in the town of Woodville on east side Magnolia street (the above distance of 190 feet gives a 30-foot street S. of said lot No. 3, and 20-foot alley between said T. D. Rock's land and the land sold to Ellen Barclay), a corner stake; thence south 2° east (80 yds.) eighty yards to a stake for corner; thence N. 88° E. eighty yards (80) a stake for corner; thence N. 2° west 80 yds., a stake for corner; thence S. 88 W. eighty yards to the beginning."

In 1914 all of the heirs of T. D. Rock conveyed to Mrs. Betty Dismuke the following described lots:

"Beginning at the N. W. corner of a tract of land conveyed to Mrs. Ellen Barclay by T. D. Rock and wife by deed dated December, 1881; * * * hence north 60 yards alongside of the public road leading from Woodville to Beaumont to a stake for corner on Beaver street; thence east 80 yards alongside Beaver street to a stake for corner; thence south 60 yards to the northeast corner of said Mrs. Ellen Barclay's tract of land; thence west 80 yards to the place of beginning—containing one acre of land, more or less."

The judgment of the court was in favor of appellants for the first-described tract, save and except any part of same that might be in conflict with the last-described tract. The court also found by the judgment:

That the real issue in the suit is the location of the boundary line between the premises of appellants and of appellees, and that the true north boundary line of appellant "is a line running from a point about 195 feet south of the S. W. corner of lot 3 in block 6 by allowing a 30-foot street between said block and appellees' property, and also a 20-foot alley as hereinafter designated, which point is at a stake near the N. W. corner of plaintiffs' yard fence; thence running east 80 yards with the plaintiffs' fence."

The. court further found that T. D. Rock intended an alley between the property of appellants and appellees the width, of 20 feet, and that R. B. Barclay and Mrs. Ellen Barclay and the public generally have an easement over the alley 20 feet wide, as dedicated and granted and described in the deed from T. D. Rock to Mrs. Barclay of date 1881, and that appellants shall forever have the right to keep said alley open, and to use the same for all lawful purposes as an alley, and that the boundary line, as fixed by the court as the north line of appellants'

lot, should be the south and base line of said alley. The court also found that the call in the deed from Rock to Mrs. Barclay should read, "Beginning 190 feet south 2 degrees west" from the S. W. corner of lot 3 in block 6, instead of "190 feet south 2 degrees east."

We find as a fact from the judgment of the court and from the evidence in the record that the beginning point of Mrs. Barclay's lot is 190 feet south 2 degrees west from the southwest corner of lot 3 in block 6 in the town of Woodville. The lower court erred, however, in designating appellants' north fence as the north boundary line of their lots.

Appellants' northwest corner is here established 190 feet south 2 degrees west of the southwest corner of lot 3 in block 6, and their north line is fixed beginning at that point and running north 88 degrees east. The north line of appellants, as here located, is hereby constituted the south or base line of the alley; the north line being established 20 feet north of said south line.

It is conceded that T. D. Rock is the common source of title. The deed from Rock, December 20, 1881, vested title to such land as was described therein in appellants, who moved upon the land in 1882, and have resided thereon continuously since that date, as their homestead, and were living thereon when this suit was tried. They have paid all taxes every year, and have been claiming all of the land described in said deed. The heirs of T. D. Rock therefore conveyed to appellees only such land the title to which remained in their ancestor after the deed to appellants. The judgment of the lower court divested appellants of title to a strip of land which is included in the field notes from the common source to appellants.

[1] Appellees raise the question of estoppel by acts and declarations of appellant Barclay. Conceding that appellant R. B. Barclay did point out to numerous persons a stake which he claimed to be his corner, and that appellee understood from him that he was claiming such point as his corner, and his yard fence as his line, when we measure his conduct and statements by the general rule as to estoppel in pais, we believe that they fall short, and that he himself would not be estopped thereunder. In order to constitute an estoppel, as a general rule, there must be a concurrence of the following circumstances: (1) There must be a representation or concealment of material facts; (2) the representation must have been met with none of the facts; (3) the party to whom it was made must have been ignorant of the truth of the matter; (4) it must have been made with intention that the other party would act upon it; (5) the other party must have been induced to act upon it.

[2] The rule of estoppel is that, where one by his acts, declarations, or silence, where it is his duty to speak, has induced another, in reliance on such acts, declarations, or silence, to enter into a transaction, he shall not, to the hurt of the person so misled, impeach the transaction. It will be borne in mind that appellees were not purchasing land from appellants, and it is not clearly shown in the record that appellants knew for what purpose appellees and others were trying to locate the line. Dismuke could locate the north boundary line of appellants' lot by his deed from the Rock heirs, because his beginning point, as recited in the deed, is the northwest corner of appellants' lot. Therefore appellees could not have been ignorant of the truth of the matter represented to them by appellant. Furthermore, it is not shown in the record that the declarations and statements of appellant were made with intention that appellees should act upon them to their hurt. But, conceding that appellant R. B. Barclay is estopped, there is not one word or act, so far as we can find, of Mrs. Barclay, prior to the purchase by appellees, and this being her homestead, title could not be vested out of her by the conduct and declarations of her husband, when she in no wise was a party to such conduct and declarations.

The deed from T. D. Rock to appellants is not subject to the construction contended for by appellees, that is, that the 190-foot distance expressed from the southwest corner of lot 3 in block 6 should exclude the 30-foot street south of block 3 and 20-foot alley north of the lots bought by appellant, making in reality, according to their contention, 240 feet. A measurement according to such contention would not be consistent with the locations as claimed by appellants or appellees.

[3] We have given careful consideration to appellees' cross-assignments of error, and are of opinion that they should be overruled. We do not think that the trial court erred in decreeing an easement over an alley 20 feet wide, but did err as to the location of said alley. We think that there was sufficient dedication shown upon the trial. It will be borne in mind that Rock sold this land with reference to such alley, and the same was mentioned in the deed from him to appellant.

The cases cited by appellees are not applicable to the state of facts in this case. In Wolf v. Brass, 72 Tex. 133, 12 S. W. 159, one of the authorities cited by appellees, it is held:

"Technically speaking, a dedication can be made to public uses only; but if the proprietor of the fee sells and conveys lots with reference to an alley or street not then opened on land owned by him, the individual purchasers thereunder acquire an easement in the land designated as an alley or street, and such alley or street becomes charged with the servitude incident to such easement. Such purchasers have, by virtue of the easement thus acquired, the right to have such street or alley kept open, whether the public has or not accepted the dedication by some acts of user."

[4] Appellees further insist that it was necessary for appellants to allege and prove special injury which is different in kind and de-

gree from that which results to the public. That is true as a general rule, and also usually it is necessary that the suit be brought by some person in a public capacity, but that rule does not obtain in a case like the one before us, where the owner of property sold land with reference to streets and alleys that he himself dedicated as inducements to purchasers, and such purchaser is not required to plead and prove special injury to his property, as in the case, for example, where a public road running by a person's farm is sought to be closed. In that event suit should be brought by some person intrusted with the duty for the public, and an individual could prosecute the suit only by pleading and showing special injury to his land, by virtue of the closing of said road. This is, in effect, the extent of the holdings in the cases cited by appellees.

With reference to appellees' objection to the consideration of appellants' brief, because there is not subjoined to each proposition a brief statement, in substance, of the proceedings necessary and sufficient to explain and support the proposition with reference to the page of the record, as required by rule 31 (142 S. W. xiii), while some of appellants' statements under their propositions are rather brief, we think they are in substantial compliance with the rules.

This cause is reversed and rendered, in accordance with this opinion.