**SOUTHERN MORTGAGE CO. v. McGREG-OR. (No. 73.)**

(Court of Civil Appeals of Texas. Eastland. Jan. 22, 1926. Rehearing Denied Feb. 12, 1926.)

**1. Contracts ⚖══221 (2)—Contract entered into on assumption that a second lien shall be sold held to create a condition precedent.**

A contract for loan of money, entered into on assumption that a second lien shall be sold to certain parties, and providing for liquidated damages in case of default by defendant, creates a condition precedent, not ·qualifying the existence of the contract, but referring to conditions preceding liability thereunder.

**2. Contracts ⚖══250—Defendant held to have no right of arbitrary cancellation under contract permitting cancellation on failure to obtain second lien.**

Under contract for loan of money, entered into on assumption that a second lien shall be sold, and granting defendant right to cancel contract if second lien is not placed, defendant did not have right of arbitrary cancellation, but his liability for canceling depends on whether he was responsible for failure to procure commitment for second lien.

**3. Contracts ⚖══221 (1)—Effect of words and conditions in a contract to the effect that a thing shall be done stated.**

If conditions are used in a contract by party to do the act, he thereby binds himself to do it, and words stating that a thing shall be done are to be taken prima facie to be the language of the party who is to do the act, or in whose knowledge or power the event is supposed to be.

**4. Contracts ⚖══303(4)—Defendant held not chargeable with failure to secure second lien, where failure was due to act of another.**

Where defendant bound himself to build a hotel on a certain lot, on condition that Chamber of Commerce raise a certain sum, to be secured by second lien, the latter breached its agreement by refusing to pay price asked for lot, and defendant cannot be charged with failure to secure second lien under contract with plaintiff agreeing to do so.

**5. Contracts ⚖══271—Letter written a week after date specified in contract held substantial compliance with agreement as to notice of cancellation.**

Under contract to sell bonds for construction of a hotel, whereby defendant agreed to notify plaintiff of cancellation of agreement before a certain date, if he failed to place a second lien, a letter written a week after dates specified for cancellation *held* to be a substantial compliance with agreement as to notice of cancellation.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Suit by the Southern· Mortgage Company against George A. McGregor. Judgment for defendant, and plaintiff appeals. Affirmed.

J. M. Wagstaff and Davidson & Hickman, all of Abilene, for appellant.

W. H. Flippen and Jno. T. Gano, both of Dallas, and Harry Tom King, of Abilene,· for appellee.

PANNILL, C. J. Appellee, having an agreement with the Chamber of Commerce of the city of Corsicana to build a hotel upon a certain lot known as the Kerr lot in that city, upon the condition that $60,000 · would be raised locally and furnished appellee to be secured by a second lien, entered into the contract sued on, wherein appellee bound himself to borrow the sum of $150,000 from appellant, and which sum appellant agreed to loan, and for which loan a first lien was to be .created on the hotel. Appellee canceled the contract with appellant, and suit was brought alleging default on the part of appellee. Trial was before the court and judgment for appellee. That part of the record considered material will be noticed in what is hereinafter said in disposing of the appeal.

The controversy arises over the construction of section 13 of the contract as follows:

"It is understood and agreed by me (appellee) that you (appellant) will sell and dispose of all or part of said bonds on the faith of this contract, and if for any reason I fail 'or refuse to carry out the conditions and obligations hereof, I agree to pay you the sum of $15,000 as liquidated damages and not as a penalty for the breach of this contract, which payment shall be made at the office of the Southern Mortgage Company at Abilene, Texas; that this contract is entered into by the borrowers on the assumption that a second lien of $60,000 shall be sold to certain parties of Corsicana, Texas, and that in the event said second lien is not subscribed *and a valid commitment executed, as* anticipated, the borrower shall be liable for actual expense incurred only by you, in the appraisal, etc., in connection with this application. In case I desire to cancel this contract because of failure to place said second lien, then I shall notify you to such effect on or before March 1, 1924."

The court filed conclusions of fact and law in substance: That paragraph 13 of said contract contemplated that same should include all of the terms and conditions of the agreement between McGregor and the· hotel committee of said Chamber of Commerce, both as to securing the subscriptions of the $60,-000 loan and the issuance of the commitment therefor, and the purchase of the Kerr lot for a building 'site. That said hotel committee was to secure subscription for $60,000 from the citizens of Corsicana, payable to said committee, for which said committee would issue a valid commitment to appellee. That said committee secured such subscriptions, amounting to $60,000 but never transferred or delivered same or a commitment for the amount thereof to appellee. That the Kerr lot was the lot contemplated in the

⚖══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

contract sued on and also by the citizens of Corsicana, and that the owner would have sold the same to the hotel committee or any other persons for the sum of $12,500. That said committee did not refuse to enter into a valid commitment for a $60,000 second lien, and that the negotiations between said appellee and committee did not reach that point. That it was contemplated by the parties to this suit, and paragraph 13 above quoted in effect provides that, in the event said second lien referred to was not subscribed and a valid commitment executed, that the contract between appellant and appellee automatically became canceled, and that appellee would not in such event be liable for any liquidated damages, but would be liable for the actual expense incurred in paragraph 13. That on March 8, 1924, appellee, by letter of said date to appellant, canceled the agreement here sued on with reference to the loan, stating as a reason therefor that he had failed to meet the requirements of the owner of the lot in order to procure title thereto. That the contract sued on was extended by the parties, made on February 28, 1924, to March 10, 1924. By said letter appellee canceled the contract under the terms thereof. That appellant was familiar with all the negotiations between appellee and said hotel committee, and that the original contract depended upon the condition that before said contract would be effective appellee and the hotel committee would acquire title to the Kerr lot in Corsicana. The court then concluded as a matter of law that appellee was not liable for the liquidated damages sued for.

It will be observed that the court found that the contract between the parties here included the terms of the agreement between appellee and the Chamber of Commerce. Appellant's position is, that under the facts as found by the court, appellee was in default in not securing a commitment for the loan of $60,000, and that he could not cancel the contract for the failure which he could have forestalled; and, further, that he did not attempt to cancel for the reason allowed in the contract.

Appellee's answer is that the execution of the commitment is a condition precedent, and having failed, the contract became automatically canceled, that the right to arbitrarily cancel the contract was reserved, and other matters not necessary to state.

[1] The quoted provision of the writing does create a condition precedent, but that does not mean a condition qualifying the existence of the contract, but refers to conditions preceding liability thereunder. Williston, Contracts, §§ 666, 666A.

[2, 3] The questions upon which the decision of the instant case turns are whether appellee was bound to perform his part in securing the commitment provided for, and whether he was in default in the respect wherein the commitment was not given. That he was bound to do his part is clear. The rule has been stated to be:

"If conditions are used in a contract by the party to do the act, they plainly import he binds himself to do it." Williston, Contracts, § 672; Mathews v. Caldwell (Tex. Com. App.) 258 S. W. 810.

Words stating a thing shall be done or a certain thing happen must be taken prima facie to be the language of the party who is to do the act or in whose knowledge or power the event is supposed to be. Williston, Contracts, p. 1296. It is concluded, therefore, that the right of arbitrary cancellation was not in appellee, but that his liability rests on the answer to the question as to whether the failure to procure the commitment required is to be laid at his door.

Appellant's claim is that the court's findings are to the effect that the failure was due to appellee's dereliction.

[4] There is no direct conclusion of fact on the point, but those above stated, when read in the light of the testimony, involve the necessary inference that the Chamber of Commerce breached its agreement with appellee.

Appellee testified without contradiction in substance that the hotel committee agreed to deliver to him the Kerr lot for $10,000, which was to be paid out of the $60,000 to be raised locally; that the owner of the lot asked $12,500 for it, and the hotel committee refused to pay the difference.

The commitment for the $60,000 to be loaned depending upon appellee's securing the Kerr lot and the Chamber of Commerce refusing to deliver the lot at the price agreed on, appellee could not be charged with the failure of the condition.

[5] Appellant was, under the court's findings, charged with knowledge of the terms of the agreement between appellee and the hotel committee in regard to the lot, the letter written by the latter on March 8th was in effect notice that appellee's agreement to take the lot at $10,000 had not been complied with, and therefore the condition precedent as to liability on his part had failed. This was a substantial compliance with that part of appellee's agreement as to notice of cancellation.

It is concluded the other matters presented have, in view of what has been said, become immaterial.

The judgment is affirmed.