## DALLAS TRUST & SAV. BANK v. WORTHAM INDEPENDENT SCHOOL DIST.

### No. 901.

Court of Civil Appeals of Texas. Waco.

Feb. 13, 1930.

Rehearing Denied March 6, 1930.

Cockrell, McBride, O'Donnell & Hamilton, of Dallas, for appellant.

J. E. & B. L. Bradley and Mr. & Mrs. C. S. Bradley, all of Groesbeck, for appellee.

BARCUS, J.

This is an appeal from a judgment of the trial court sustaining a general demurrer to appellant's petition. The only question, therefore, for determination, is whether, taken in its most favorable aspect, plaintiff alleged a cause of action.

Appellant alleged that appellee had issued and there was outstanding on April 1, 1928, $45,000 of bonds, dated July 10, 1922, due $1,000 on July 10th each year from 1928 to 1942, inclusive, and two bonds for $1,000 each, maturing on July 10, 1943 to 1947, inclusive, and four bonds of $1,000 each, due

July 10, 1948 to 1952, inclusive, bearing 6 per cent. per annum interest, interest payable semiannually. It further alleged that appellee had in the First State Bank of Wortham $83,000 out of which it desired to retire said bonds. It further alleged that appellee entered into an agreement with appellant, under the terms of which it agreed that, if appellant would make purchase of such bonds, it (appellee) would purchase same from appellant for the sum of $1,250 for each bond with accrued interest. Appellant alleged that, acting upon said contract, it purchased said bonds from Prudden & Co., for a total sum of $54,877.50, and that, when it was ready to and about to deliver said bonds to appellee and receive the $56,250, which amount appellee had agreed to pay it for said bonds, a suit was brought by one W. S. Evans against appellee to restrain it from accepting, paying for, and redeeming said bonds, and that a temporary injunction was obtained therein against appellee to prevent it from carrying out the agreement and undertaking which it had made with appellant. Appellant alleged that appellee was receiving from the First State Bank of Wortham 2½ per cent. on its daily balances and was paying 6 per cent. interest on the bonds, and that it was to appellee's advantage to retire said bonds before their maturity in order to save the 3½ per cent. per annum interest. It further alleged that the injunction suit by Evans was brought at the instance of the First State Bank of Wortham. Appellant alleged that, after the injunction suit was filed and the temporary restraining order granted, it (appellee), Evans, and the First State Bank of Wortham did, on August 7, 1928, enter into an agreement, under the terms of which it was provided that the injunction suit would be dismissed at the October, 1928, term of court, and that appellee would on the 15th day of December thereafter, if the injunction suit had been dismissed, take up said bonds and pay appellant the $56,250, with accumulated interest thereon, in conformity with its original contract, and which it had been prevented from carrying out by reason of said restraining order. Appellant alleged that the injunction suit was dismissed in October, as per said agreement, and that thereafter on December 15th it tendered to appellee said bonds, and that appellee failed and refused to carry out its contract and pay appellant the $56,250, with accumulated interest thereon, as per its former agreement. It alleged that thereafter it advertised said bonds for sale; that it gave appellee, as well as a large number of bond buyers, notice of the fact that it would on March 1, 1929, sell said bonds for the highest price obtainable, and that at said time it did sell said bonds for the aggregate amount of $50,316.66, which was on a basis of 111, with accumulated interest thereon. It alleged

that, by reason of appellee having failed and refused to carry out its contract, appellant had been damaged in the sum of $6,300, the difference between the contract price which appellee had agreed to pay, to wit, $56,250, and accrued interest, a total of $56,616.66, and the amount for which said bonds were sold, to wit, $50,316.66.

█ The pleadings are voluminous, the above being a brief synopsis thereof. As we understand the pleadings, the effect thereof is that about April 1, 1928, appellee had $83,000 in the bank, bearing 2½ per cent. interest, and owed $45,000 in bonds, running through a period of twenty-four years, bearing 6 per cent. interest, and that it and appellant entered into a contract, under the terms of which appellant was to find and purchase the outstanding bonds of $45,000 against appellee, and that appellee, upon said bonds being presented to it, was to pay appellant therefor $56,250, with accumulated interest; that, acting upon said contract, appellant did locate and purchase said bonds and tendered them to appellee, who refused to take same and pay the contract price therefor. Clearly we think the trial court was in error in sustaining the general demurrer. Appellee contends that the contract was unilateral, and that time was of the essence thereof, and that, since the bonds were not tendered to it within the time specified, appellee was not required to accept same. We do not agree that the contract was unilateral, but, if it was, appellee could have waived the time for the delivery of the bonds. Houston v. Newsome, 82 Tex. 75, 17 S. W. 603; Presidio Mining Co. v. Bullis, 68 Tex. 581, 4 S. W. 860.

As we view the contract as alleged, it was a contract dependent upon a condition precedent before it could be enforced against appellee by appellant; namely, the bonds must be tendered to appellee before it was required to pay the contract price therefor, to wit, $56,250 and accrued interest. Upon appellant's tendering said bonds, it became a binding and enforcible contract. 13 C. J. 335 and 336; Edwards v. Roberts (Tex. Civ. App.) 222 S. W. 278; American Nat. Bank v. Dancy (Tex. Civ. App.) 40 S. W. 551; Southern Mortgage Co. v. McGregor (Tex. Civ. App.) 279 S. W. 860; Id. (Tex. Com. App.) 286 S. W. 1086. 13 C. J. supra lays down the rule as follows: "A contract to pay a certain sum on performance of certain acts by another becomes a binding obligation on the promisor on the performance of said acts before the revocation of the contract, although it expresses no consideration, past or present, and contains no promises that such acts shall be performed."

█ Appellee contends that the original contract made between appellant and appellee provided that the bonds should be tendered to appellee about the 1st of May, and

that time was of the essence of the contract, and that, since appellee was enjoined from paying for said bonds at said time, said contract could not therefore be carried out; and appellee contends that the subsequent agreement made in August, 1928, was invalid and not binding upon it because same was made in violation of the injunction which had been granted against it at the instance of Evans. We do not agree with appellee that the agreement made between the parties in August, 1928, was void or that it was in violation of the restraining order that had been granted by the district court at the instance of Evans. Neither do we agree with appellee that the granting of the temporary restraining order had the effect to cancel or annul the original agreement as made between appellee and appellant. The courts cannot, by granting a temporary injunction, completely destroy a valid contract. It can thereby only delay its consummation. Appellant was not a party to the injunction suit, and the only thing appellee had been restrained from doing by virtue of said injunction was the actual payment of the money to appellant during the pendency of said injunction. There was no legal barrier by reason of said injunctive order that would prevent appellant and appellee from entering into a contract with reference to said bonds and the disposition thereof in the event of and when said injunction was dissolved or removed. The contract as made between the parties in August recognized the validity of the temporary restraining order and was to take effect only upon the contingency that said impediment would be removed, and immediately upon the removal thereof, under the terms of the contract, same became valid and binding. Hewitt & Newton v. Patrick, 26 Tex. 326.

The judgment of the trial court is reversed, and the cause remanded.