ALBERT W. BROOKS *vs.* WILLIAM H. LIBBY.

Kennebec.    Opinion April 24, 1896.

*Nonsuit.   Practice.   Replevin.   Possession.*

Exceptions will lie to an order of nonsuit at the close of the plaintiff's evidence, in a case tried by the presiding justice of a court without a jury, subject to exceptions in matters of law.

Whether there is any evidence to support an action is a question of law; whether the evidence is sufficient is a question of fact.

Testimony by a plaintiff in replevin that he had "sold" the property before bringing suit does not necessarily imply that he had parted with the title and possession.   Property is often said in popular language to be "sold," when it is only bargained.

ON EXCEPTIONS BY PLAINTIFF.

This was an action of replevin tried in the Superior Court, in Kennebec County by the presiding justice without the intervention of a jury, at the September term, 1895, subject to exceptions in matters of law.    Plea, the general issue, with brief statement denying title in the plaintiff and alleging title or right of possession in the defendant William H. Libby, in his capacity of deputy sheriff.    The subject matter of this suit was a lot of granite paving blocks taken in replevin by the plaintiff from the defendant, who had seized them on two executions issued upon judgments to enforce liens of laborers upon said paving blocks, prior to their coming to the possession (as claimed) of the plaintiff.    The plaintiff claimed the title in the paving blocks, or the right to their possession under a bill of sale and delivery from one Daniel S. Young and another, who were employees of said lien claimants. After proving a seasonable demand upon the defendant, prior to the beginning of this suit by the plaintiff, and putting in the bill of sale, the plaintiff testified as follows, inter alia:

Q.    In pursuance of that contract the blocks were sold and delivered to you?    A.    They were.

Q.    And did you satisfy the lien claims mentioned in the contract?    A.    I did.

Q. Did you then sell the blocks and reimburse yourself, as provided by the contract? A. I did.

Q. Previous to this sale to reimburse yourself, whether or not the blocks were attached? A. I have no knowledge of it.

Q. When did you sell these blocks? A. I sold them sometime at the beginning of '95 to the city of Augusta, to the mayor.

Q. So that was after the attachment was put on and a taking back by this replevin suit? A. Yes sir. Sometime in January or February I made the arrangement to sell them to the city. I sold them to the city but did not get my pay for them.

Q. At the time of this sale had the liens of these paving cutters been put on, at the time of the sale to you? A. They had.

(Cross Examination.) The first I found out about these liens was when you (Mr. Fisher) came and told me, you or Libby, I forget which one told me first.

Q. And that was long after you had sold the blocks to the city? A. It was this spring after I had made the trade with the city for them.

Q. It was after you sold them? A. After I sold them, yes.

On this evidence a nonsuit being moved for by the defendant on the ground that the plaintiff's evidence failed to show that he had the title and possession or right to possession of the paving blocks at date of the writ, the judge sustained the motion and ordered a nonsuit accordingly. To this ruling of the court in ordering a nonsuit the plaintiff excepted.

*J. Williamson, Jr.,* and *L. A. Burleigh,* for plaintiff.

*E. W. Whitehouse* and *W. H. Fisher,* for defendant.

SITTING: PETERS, C. J., WALTON, EMERY, FOSTER, WISWELL, STROUT, JJ.

EMERY, J. The first question is, whether exceptions lie to an order of nonsuit at the close of the plaintiff's evidence in a case tried by the presiding justice of a court without a jury subject to exceptions in matter of law. In making such an order the justice does not determine any disputed questions of fact, nor does he pass

upon the credibility of the witnesses, nor upon the weight of the evidence. He rules that there is no evidence to support the action. This is a ruling upon a question of law. Whether the evidence is sufficient is a question of fact. Whether there is any evidence is a question of law. *Emerson* v. *McNamara*, 41 Maine, 565; *York* v. *Jones*, 68 Maine, 343.

The second question is, whether in this case there is any evidence tending to show in the plaintiff title or right of possession in the blocks replevied. The plaintiff introduced a bill of sale of the blocks to himself from the maker of the blocks. This bill of sale was given prior to the action, and purported to transfer to the plaintiff the title to and possession of the blocks. This was certainly prima facia evidence of title or right of possession. The plaintiff, however, further testified that he "sold" the blocks before the date of his writ to the City of Augusta. He also said: "I made the arrangement to sell them to the city. I sold them to the city, but did not get my pay for them."

But it does not necessarily follow from this statement of the plaintiff that he had parted with both title and right of possession before suit. Property is often "sold" conditionally, the title or possession or both to remain with the vendor until the performance of the condition. Property is often said in popular language to be "sold" when it is only bargained. The testimony of the plaintiff taken in the whole is easily susceptible of this construction,—that he had bargained the blocks,—that he had arranged to sell them but had not yet transferred the title and right of possession.

If the justice shall find as matter of fact that the plaintiff had parted with his title and possession before suit, that finding cannot be reversed on exceptions; but by ordering a nonsuit he has ruled, as matter of law, that there is no evidence to sustain the plaintiff's claim. We think there is some evidence, and hence remit the case for the justice to pass upon its sufficiency.

*Exceptions sustained.*