SMITH et al. v. REAVES, County Judge, et al.
(No. 2060.)

(Court of Civil Appeals of Texas. Texarkana.
Jan. 16, 1919. Rehearing Denied
Jan. 23, 1919.)

1. INJUNCTION ⚖➡112—PREMATURE SUIT—IS-
SUANCE OF BONDS.

Suit, to restrain issuing of bonds for im-
provement of a public highway, was properly
dismissed, where at time petition was filed bonds
were in the hands of the Attorney General for
examination under Rev. St. 1911, art. 632, it
being the duty of the Attorney General, under
article 619, to pass upon questions raised by
petition.

2. EVIDENCE ⚖➡83(1)—PERFORMANCE OF OFFI-
CIAL DUTY—PRESUMPTION.

Until he has acted otherwise, it cannot be
assumed by the court on appeal that Attorney
General, in determining whether bonds for im-
provement of public highway have been issued
in accordance with law, will ignore any legal or
constitutional defect which will invalidate bonds.

Appeal from District Court, Franklin
County; J. A. Ward, Judge.

Petition for injunction by L. H. Smith and
others against O. L. Reaves, County Judge,
and others. From judgment refusing injunc-
tion, plaintiffs appeal. Affirmed.

Wilkinson & Davidson, of Mt. Vernon, for
appellants.

Shurtleff & Caudle, of Mt. Vernon, for ap-
pellees.

HODGES, J. The appellants appeal from
a judgment refusing an application for an in-
junction to restrain the appellees, who are
the county judge and members of the com-
missioners court, from issuing certain de-
scribed bonds for the improvement of a pub-
lic highway. The petition alleged, in sub-
stance, First, that the order authorizing the
election was void for uncertainty because it
authorized the holding of an election to de-
termine whether or not bonds should be is-
sued for the purpose of constructing, main-
taining, and operating gravel roads, or in
aid thereof; second, that the order of the
court was void because it did not properly
describe the territory, certain calls being
omitted from the description; third, the or-
der of the court authorized the issuance of
$45,000 in bonds, which exceeded the consti-
tutional limit for that territory; fourth, the
order of the court specified that the bonds
were to be issued for the purpose of con-
structing, maintaining, and operating gravel
roads, or in aid thereof, while it was the in-
tention of the court to use all the bonds for
improving only one road.

At a preliminary hearing the district judge
refused the injunction, upon the ground that
the petition was upon its face legally insuffi-
cient. It appears from the averments of the
petition that at the time it was filed the
bonds referred to were in the hands of the
Attorney General for examination, as requir-
ed by article 632 of the Revised Civil Stat-
utes. Article 619 makes it the duty of the
Attorney General to inquire into all the pro-
ceedings relating to the issue of such bonds
for the purpose of ascertaining whether or
not they have been issued in accordance with
the existing law. The very questions raised
by the appellants in their petition will be'
passed upon by him. Without his approval
the bonds cannot be put on the market. Un-
til he has acted otherwise we cannot assume
that he will ignore any legal or constitution-
al defects that will invalidate the bonds.
We therefore conclude that this suit is pre-
mature, and for that reason alone the court
properly refused to grant the writ.

The judgment is affirmed.