SOUTHLAND LIFE INS. CO. et al. v. EGAN
et ux.

No. 11903.

Court of Civil Appeals of Texas. Dallas.
Jan. 19, 1935.

Rehearing Denied Feb. 23, 1935.

Seay, Malone & Lipscomb and Wm. Lipscomb, all of Dallas, for appellants.

J. E. Burkholder and Lyle Saxon, both of Dallas, for appellees.

JONES, Chief Justice.

In a district court of Dallas county, appellees, J. T. Egan and wife, Lena Egan, brought this suit against appellants, Gaulding Mortgage Company, Southland Life Insurance Company, and C. P. Haynes, trustee, in a deed of trust executed by appellees in favor of Gaulding Mortgage Company, creating a lien on lot 7 in block 8, Lakewood Heights, an addition to the city of Dallas, to secure a loan made by Gaulding Mortgage Company to appellees in the principal sum of $4,000. Subsequent to the execution of the deed of trust, the Southland Life Insurance Company became the owner of the indebtedness and the lien securing same by regular transfer. Default had been made by appellees in the payment of the semiannual interest provided for. A breach of a covenant in the deed of trust to pay the taxes and all assessments levied against said property had been made by appellee, and also a breach of an insurance covenant. The deed of trust contained the usual power of sale, to be exercised at the option of the owner of the indebtedness and lien, either for default in payment of interest or for a breach in either of said covenants. The Southland Life Insurance Company exercised its right of option, and the trustee, after complying with the terms of the deed of trust, sold said property at public sale to the Southland Life Insurance Company, and duly executed a trustee's deed to said company.

The purpose of the suit is to set aside this sale, cancel the trustee's deed, have the loan contract declared usurious, and the deed of trust declared void by reason thereof, and permanently to enjoin appellants from exercising any rights under the deed of trust.

The petition prayed for the issuance of a temporary writ of injunction to enjoin appellants from disturbing appellees' peaceable possession of said property, alleged to be used as a homestead. When the petition was presented to the judge of the 101st judicial district of Dallas county, it was ordered filed and the temporary writ of injunction, as prayed for, was granted ex parte.

Appellants came into court, and, by duly verified motion, moved to dissolve the temporary writ of injunction. After a hearing, the court refused to dissolve the temporary writ of injunction, and permitted it to remain in force, pending the trial of the case on its merits. The bond required and given for the issuance of the writ is $200. From the order overruling the motion to dissolve, appellants have duly perfected an appeal.

■■ The question before this court therefore is, Did the trial court abuse its discretion in granting the temporary writ of injunction, the effect of which is to hold the controversy between the parties in status quo until the final hearing? "An interlocutory injunction is a provisional remedy allowed before a hearing on the merits with the sole object to preserve the subject in controversy in its then existing condition. It merely prevents the doing of any act whereby the right in controversy may be materially injured or endangered before a final decree can be entered by the court. The rights of the parties are not concluded by the interlocutory order entered, as its entry is not dependent upon the adjudication of the merits of the case. In general, it may be stated that it is the duty of the trial court to grant a temporary writ of injunction when it is made to appear that there is a substantial controversy between the parties, and that one of the parties is committing an act or threatening the immediate commission of an act that will destroy the status quo of the controversy, before a full hearing can be had on the merits of the case and final judgment pronounced." City of Farmersville v. Texas-Louisiana Power Co. (Tex. Civ. App.) 33 S.W. (2d) 272, 274. The following cases support this rule of law: James v. E. Weinstein & Sons (Tex. Com. App.) 12 S.W.(2d) 959, and cases cited therein; Welsh et al. v. Carter (Tex. Civ. App.) 30 S.W.(2d) 354, and cases cited therein; 32 C. J. 20, and cases cited in notes.

■ We have carefully examined the pleadings of both parties and the evidence heard at the trial, and have reached the conclusion that there appears to be a substantial controversy between the parties on the matters alleged in the petition and the allegations of the motion to dissolve. As the effect of the temporary writ of injunction is merely to hold this controversy in status quo until a final hearing, we conclude that the trial court did not abuse its discretion in refusing to dis-

solve the temporary writ of injunction. We deem it improper to express an opinion on the merits of the case, and the language used here is not to be construed as an attempt to do so.

The judgment of the lower court is affirmed.

Affirmed.