SOUTHLAND LIFE INSURANCE COMPANY v. J. T. EGAN ET AL.

No. 6892. Decided October 30, 1935.
(86 S. W., 2d Series, 722.)

*Seay, Malone & Lipscomb*, of Dallas, for plaintiff in error.

Since the case was fully developed and the facts were undisputed and it was the duty of the trial judge to apply well known rules of law to such undisputed facts, it was error for the Court of Civil Appeals to hold that the trial judge did not abuse his discretion when he applied erroneous rules of law to such undisputed facts and refused to dissolve the ex parte temporary injunction theretofore granted. Tyree v. Road District, 199 S. W., 644; Owen v. Willis, 20 S. W. (2d) 338; Laning v. Langford Investment Co., 36 S. W (2d) 1079; Nisonoff v. Irving Trust Co., 68 Fed. (2d) 32; 32 C. J., 32; 4 C. J., 804.

Since the note was duly extending and each extension agreement expressed continued in force the lien of the deed of trust, a sale under such extended deed of trust within due time was not barred by limitation. Farmers Life Ins. Co. v. Wolters, 10 S. W. (2d) 698; 29 Texas Jur., 966; R. S., 1925, Arts. 5520, 5522.

Since the undisputed evidence showed that plaintiffs owed defendant a substantial amount of the principal of the loan and were delinquent in the payment of taxes and insurance premiums, the defendant had a right to exercise the option given in the deed of trust, and to require the trustee to hold a sale of the realty conveyed under the deed of trust. Clark v. Elmendrof, 78 S. W., 538; 41 C. J., 849.

Contract was not usurious. Milam Bldg. Co. v. Dannelley, 57 S. W. (2d) 345; Dunlap v. Voter, 72 S. W. (2d) 1109, and cases cited in the opinion.

*Lyle Saxon* and *J. E. Burkholder*, of Dallas, for defendants in error.

Trial court did not abuse its discretion in granting the injunction. City of Farmersville v. Texas-Louisiana Power Co., 33 S. W. (2d) 272; Cain v. Bonner, 108 Texas, 399, 194 S. W., 1098.

The sale of the property under the deed of trust was barred by the statute of limitation. Noble v. Greer, 48 Kan., 41, 28 Pac., 1004; 41 C. J., 857, sec. 37.

On proposition that contract was usurious. Dallas Tr. & Sav. Co. v. Brashear, 65 S. W. (2d) 288; Yonack v. Emery, 13 S. W. (2d) 667; Volunteer State Life Ins. Co. v. Sumner, 74 S. W. (2d) 319.

MR. JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

The judge of a district court of Dallas County, without a hearing, granted a temporary injunction restraining plaintiff in error from disturbing defendants in error in the possession of property occupied and claimed by them as their homestead. Plaintiff in error, the owner of a note secured by a deed of trust, had caused the property to be sold by the trustee and had purchased it at the sale. Upon the appeal of plaintiff in error from an order overruling its motion to dissolve the temporary injunction, the Court of Civil Appeals, without determining the merits of the controversy, concluded that, since it appeared from the pleadings and evidence that there was a substantial controversy between the parties, the trial court did not abuse its discretion in refusing to dissolve the temporary injunction, and affirmed the trial court's order. 79 S. W. (2d) 899.

■ While it is true, as stated in Harding v. W. L. Pearson & Company (Com. App.), 48 S. W. (2d) 964, 966, that: "The rule is also well established in this state that the granting or refusing of a temporary injunction is within the sound discretion of the district court, and that the court's action will not be disturbed on appeal, unless it clearly appears from the record that there has been an abuse of such discretion," it is also true that the trial court's discretion is not unlimited and does not extend to the erroneous application of the law to undisputed facts. If the facts are such that solely questions of law are presented, the trial court's action is reviewable, and should be reviewed on appeal. Differently stated, the trial court abuses its discretion when it fails or refuses to apply the law to conceded or undisputed facts. Tyree v. Road District No. 5, 199 S. W., 644, 650 (application for writ of error refused); Midland Building & Loan Ass'n. v. Sparks etc. Church, 35 S. W. (2d) 774, 775; Diamond v. Hodges, 58 S. W. (2d) 187, 189; Ricketts v. Ferguson, 64 S. W. (2d) 416; Hanover Star Milling Co. v. Allen (U. S. C. A.), 208 Fed., 513, L. R. A., 1916D, 136, 142; 24 Texas Jur., pp. 313-314, Sec. 253; 4 C. J., pp. 803-804, Sec. 2768; 32 C. J., p. 32, Sec. 11; 14 R. C. L., p. 308, Sec. 5.

The evidence introduced on the hearing of the motion to dissolve the injunction consists of written instruments, agreements of counsel and the testimony of one witness, defendant in error Mrs. Egan. No issue of fact is raised by the evidence,

and the record presents questions of law which should have been decided by the Court of Civil Appeals, and which now must be decided here.

· Defendants in error contend that the trustee's sale of the property involved herein passed no title, for three reasons: first, because the sale was made more than four years after the maturity of the principal note secured by the deed of trust; second, because the contract evidenced by the notes and the deeds of trust was a contract for usury; and third, because the first deed of trust did not authorize foreclosure or sale of the property for default in the payment of taxes or insurance premiums.

The indebtedness of defendants in error was evidenced by a principal note in the sum of $4,000, dated April 9, 1925, due April 9, 1930, bearing interest at the rate of 7% per annum, payable semiannually according to attached interest coupons. The note provided that "if interest should not be paid when due, *the whole of this indebtedness* shall at the option of the holder hereof become at once due and collectible." (Our italics.) Ten coupon interest notes, each in the sum of $140, one due every six months, were attached to the principal note. The principal note and the coupon notes were secured by a first deed of trust. containing an acceleration clause in the following language:

"It is agreed that if default be made in the payment of any principal or interest on said note, or in the performance of the covenants or agreements herein contained or any of them, then at the option of the legal holder of said note, *the whole of the debt herein secured shall become due and payable,* and may be collected by suit or by proceeding hereunder." (Our italics.)

The deed of trust also contained the following clause with respect to the application by the trustee of the proceeds of sale of the property:

"Second, the note described and all sums of money due or to become due hereunder, with interest as agreed."

Ten other interest notes were executed, each in the sum of $20, one due every six months, and they were secured by a second deed of trust. There was no provision for acceleration of payment either in these notes or in the second deed of trust.

The maturity of the principal note was extended three times by written instruments duly executed, acknowledged and filed for record, the last extension being to October 9, 1934.

Each of the extension agreements contained the agreement on the part of the makers of the note "that all liens, rights, titles and equities securing the payment of said indebtedness are hereby extended in full force and effect to secure the payment of said indebtedness as herein set out." The extension agreements provided that the debt as extended should continue to bear interest at 7% per annum, payable semiannually.

All interest coupons attached to the principal note and all of the interest notes secured by the second deed of trust were paid, but no interest whatever was paid after January 1, 1933, and defendants in error failed to pay state and county taxes assessed against the property for 1932 and 1933, and failed to pay insurance premiums during the same years. After notice to defendants in error that plaintiff in error had declared the entire debt due, the property was advertised and sold by the trustee to plaintiff in error for $3,000 on June 5, 1934.

■ Defendants in error contend that, notwithstanding the agreements extending the note and the lien, the power of the trustee to sell the property under the terms of the deed of trust ceased after the expiration of four years from the original maturity date of the principal note, and that after such time the only remedy available to the owner of the note was foreclosure by action in court. The identical question was presented in Stone v. Watt, 81 S. W. (2d) 552. It was there held, after a careful consideration and review of the statutes, particularly Article 5520 (as amended in 1931) and Article 5522, Revised Statutes of 1925, that an extension of a deed of trust lien made in the manner prescribed by the statute continues the lien in effect, "the same as in the original contract," until four years after the maturity of the debt as provided in the extension, and that with the extension of the lien the trustee's power to sell the property is also extended. The Supreme Court's approval of that decision was evidenced by its refusal of an application for writ of error (124 Texas, 650). We have again examined the opinion of the Court of Civil Appeals and again approve the decision, and approve also the reasoning of the opinion.

■ We find no usury in the contract evidenced by the notes and deeds of trust. The acceleration clauses in the principal note and the first deed of trust give the holder the option to declare due "the whole of this indebtedness" or "the whole of the debt herein secured" upon default in the payment of any interest. It is settled that this language does not author-

ize the collection of unearned interest. Dugan v. Lewis, 79 Texas, 246, 249, 14 S. W., 1024, 12 L. R. A., 93; Lincoln National Life Ins. Co. v. Anderson (Com. App.), 124 Texas, 556, 80 S. W. (2d) 294; Odell v. Commerce Farm Credit Co. (Com. App.), 124 Texas, 538, 80 S. W. (2d) 295; Marble Savings Bank v. Davis (Com. App.), 124 Texas, 560, 80 S. W. (2d) 298; Burnette v. Realty Trust Co., 74 S. W. (2d) 536 (application for writ of error refused), 124 Texas, 632.

■ It is argued that the language of the first deed of trust, directing the trustee after the sale to apply the proceeds to the payment of "the note above described and all sums of money due or to become due hereunder, with interest as agreed," is to be construed as authorizing the owner of the note to declare unearned interest due, and as making the contract usurious. The Court of Civil Appeals in Peoria Life Ins. Co. v. Harton, 84 S. W. (2d) 864, held that a deed of trust containing substantially the same language was free from usury. Application for writ of error was refused (Harton v. Peoria Life Ins. Co., 125 Texas, 651).

Those parts of the note and the deed of trust which expressly empower the holder to accelerate maturity give him the option, as above held, to declare due only the principal and earned interest. Unearned interest, therefore, is not a sum or sums of money to become due under the contract. But even if the phrase with reference to the application of the proceeds of sale is susceptible of the construction that it impliedly authorizes the holder to declare due and collect unearned interest, such implication should not be permitted to override that part of the contract which expressly deals with the option to accelerate.

■ Finally, it is contended that the contract is usurious because of the last sentence in the second deed of trust: "And if the maker hereof shall pay said first lien note or notes before maturity thereof, then all the unpaid balance of the note herein secured shall immediately become due and payable." The first lien note is not payable on or before, and neither the note nor the deed of trust securing it gives the maker an option to pay it before maturity. The sentence quoted from the second deed of trust may reasonably be constructed as intended to have effect only in the event the first lien note is according to its terms payable before maturity. A construction which causes it to conflict with the terms of the note should be avoided.

This provision, however, even if construed as giving the maker the option of paying the principal note before maturity and as requiring him upon exercising such option to pay all of the interest represented by the second lien notes, does not taint the contract with usury. Under this construction the contract merely gives the borrower the privilege of paying the debt before maturity. It does not bind him to do so. Payment of interest is the condition upon which the option may be exercised or the consideration for the option; and the option, even if it required payment of all interest to the end of the original period of the loan, would exact nothing more than the lender could lawfully demand in the absence of the option. Vela v. Shacklett (Com. App.), 12 S. W. (2d) 1007; Smithwick v. Whitney, 152 N. C., 366, 67 S. E., 914, 28 L. R. A. (N. S.), 113, and note; 27 R. C. L., p. 235, Sec. 36; 66 C. J., p. 202, Sec. 118.

Since the contract is free of usury and there was default in the payment of interest, it becomes unnecessary to determine whether the first deed of trust authorized foreclosure or sale of the property for default in the payment of taxes or insurance premiums.

The judgments of the Court of Civil Appeals and the district court are reversed and the temporary injunction is dissolved.

Opinion adopted by Supreme Court October 30, 1935.