**DAVIS v. CITY OF SAN ANTONIO et al.**

**No. 10771.**

Court of Civil Appeals of Texas. San Antonio.

Dec. 13, 1939.

Rehearing Denied Jan. 10, 1940.

Marcus W. Davis and Jack Davis, both of San Antonio, for appellant.

J. I. Kercheville, Henry B. Dielmann, and J. Arthur Sandlin, all of San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted by Jack Davis, as a taxpaying citizen of the City of San Antonio, and on behalf of other taxpayers similarly situated as himself, against the City of San Antonio, its Mayor, Commissioners, Auditor and Deputy Treasurer, in their official capacity, seeking to enjoin the City from issuing funding bonds in the sum of $430,260.99 for the purpose of paying certain warrants issued to the policemen and firemen of the City, covering the amount due them for the years 1936, 1937 and 1938, under Senate Bill No. 89 of the 45th Legislature, Regular Session, c. 173, Vernon's Ann.P.C. art. 1583, sometimes referred to as the "Spears Bill," and further seeking to enjoin the City from using certain sums collected as back taxes for the years 1936, 1937 and 1938, for any other purpose than the payment of the policemen and firemen until such policemen and firemen are fully paid.

The trial court sustained a plea in abatement and a general demurrer to plaintiff's petition and dismissed the cause, from which judgment Jack Davis has prosecuted this appeal.

■■ The record shows that the proposed funding bonds, together with the transcript of the record concerning such bonds, have not been presented to the At-

torney General of this State, and, therefore, appellant's petition for an injunction to enjoin the issuance and sale of these funding bonds was prematurely brought and the trial judge properly sustained a plea in abatement directed to such petition. Arts. 709 and 4398, Vernon's Civil Statutes, make it the duty of the Attorney General of this State to examine all bonds and further provide that such bonds shall not be issued or sold unless and until they are approved by the Attorney General. This Court will presume that if the bonds involved herein are not properly issued they will not receive the approval of the Attorney General, and therefore will not be registered and offered for sale. Johnson v. Town of Refugio, Tex. Civ.App., 56 S.W.2d 674; Smith v. Reaves, Tex.Civ.App., 208 S.W. 545; Bird v. Alexander, Tex.Civ.App., 294 S.W. 305.

█ Appellant contends that even though his suit to enjoin the issuance and sale of the bonds was prematurely brought that he was, nevertheless, entitled to an injunction restraining the City and its officers from using the back tax money collected for the years 1936, 1937 and 1938, for any other purpose than the payment to the firemen and policemen of the sums due them for these years, under the Spears Bill. We overrule this contention. Appellant does not allege that the City will use this back tax money until after it has payed the firemen and policemen in full. After the firemen and policemen have been fully paid the City would then have the right to divert this back tax money to the payment of other debts and obligations of the City.

It will be borne in mind that this is not a suit by the firemen and policemen to establish their priority to the funds on hand, collected from the delinquent taxes for the years 1936, 1937 and 1938, but, on the other hand, a suit by a person who has no claim on the funds other than such rights as he has by reason of being a taxpayer in the City. He is not entitled to an injunction concerning the funds on hand upon the allegation that the City will, after the firemen and policemen have been fully paid, transfer these funds to the general fund and use the same for current expenses during the year 1939. It is clear that after the firemen and policemen have been paid in full the City would have a legal right to transfer such funds to the general fund and use the same for current expenses. Charter of the City of San Antonio, § 52.

The judgment is affirmed.