Grafton, June 6, 1944. } No. 3473.

RICHARD C. ALLBEE *v.* ALICE R. ELMS *& a.*

*Luigi J. Castello,* for the plaintiff, furnished no brief.

*Pike & Aldrich* and *H. K. Davison* (*Mr. Pike* orally), for the defendants.

JOHNSTON, J. Specific performance of an executory contract for personal services is not ordinarily decreed even when the party to render the services is the plaintiff. *Knox* v. *Allard,* 90 N. H. 157, 163; 49 Am. Jur., *p.* 160. The remedy at law is adequate. *McCrillis* v. *Company,* 85 N. H. 165, 167. The prayer for an injunction against interference with the harvest of the plaintiff's garden raises a question now moot. *Street Commissioners* v. *Dale, ante,* 92. Nor is the plaintiff entitled to injunctive relief because of the allegation of an assault upon him. "The legal remedy is ordinarily considered as adequate in cases of torts to the person . . . and equity does not interfere." 4 Pomeroy, Eq. Jur. (5th *ed.*), *s.* 1347.

The plaintiff does not stand any better in equity by reason of the amendment to the bill. Equity will take jurisdiction of various actions if they involve identical issues; that is, issues determined by the same questions of fact and of law. A good example is found in *Smith* v. *Bank,* 69 N. H. 254, brought by various owners of certificates of deposit, who alleged negligence in the management of a trust estate and asked for an accounting. The question of negligence so far as each plaintiff was concerned, depended upon the same facts and law, and the damages of each would be assessed upon the same principle. Avoidance of a multiplicity of actions in equity makes for economy in trial procedure and for greater consistency in discretionary findings. "Where numerous actions at law are brought, or are about to be brought, either by the same or by different parties, all involving and requiring the decision of the same questions of law or of fact, so that the determination of one would not legally affect the others, a court of equity may, in order to do full justice to the litigants and to avoid great expense, take cognizance and adjudicate upon all the rights and confer all the remedies in one suit, although both the primary rights and the final reliefs are legal." 1 Pomeroy, Eq. Jur. (5th *ed.*), *s.* 181. The allegations concerning the breach of contract, the damage to the garden and

the assault do not show such identity of issues as to warrant equity taking jurisdiction. Whether it may be more convenient for the trial Court to consolidate the trials in the actions at law, if brought, is for that Court to decide.

*Bill dismissed.*

All concurred.