## SEABROOK INDEPENDENT SCHOOL DIST. et al. v. BROWN et al.
### No. 11775.

Court of Civil Appeals of Texas. Galveston.
June 27, 1946.

Rehearing Denied July 18, 1946.

Lewis & Knipp, of Houston, for appellants.

Sam Holliday and Fred Parks, both of Houston, for appellees.

MONTEITH, Judge.

This is an appeal from an order of a district court of Harris County granting the application of certain residents of the Seabrook Independent School District for a temporary injunction restraining the Board of Trustees of the Seabrook Independent School District from selling $150,000 in bonds, which had been voted by the School District, until an election could be held by the voters of the district for the purpose of determining whether said bonds should be cancelled and revoked.

The material facts are undisputed. At an election duly called and regularly held under the requirements of Article 2785, Vernon's Ann.Civil Statutes on July 28, 1945, bonds of the Seabrook Independent School District were authorized in the amount of $150,000, and on September 13, 1945, the Board of Trustees of the School District entered an order authorizing the issuance of the bonds. The transcript of the proceedings were submitted to and approved by the Attorney General, subject to the submission of the printed bonds in proper form and a non-litigation certificate, and the bonds were advertised for sale. On December 21, 1945, the Board of Trustees of the School District entered into a contract

with Lovett Abercrombie & Co. of Houston for the sale of said bonds, and a certified check for $3,000 was delivered by the purchasers to the Board of School Trustees as earnest money on the purchase. It was stipulated in the record that purchasers were and are now ready, able and willing to comply with the terms of their contract.

On or about December 17, 1945, prior to the delivery of the bonds to the purchasers, a petition was presented to the Board of Trustees of the School District under Article 2786a, Vernon's Ann.Civil Statutes, for an election to determine whether or not the bonds previously voted should be revoked and cancelled, and pursuant thereto an order was entered by the Board of Trustees for such an election to be held on January 19, 1946, and due notice thereof was given.

On January 19, 1946, the election for the cancellation of said bonds was duly and regularly held in accordance with the provisions of said Article 2786a, and the result of the election, 49 votes in favor of the cancellation of the bonds and 77 votes against such cancellation, was duly recorded.

On January 18, 1946, the day before the election for the cancellation of said bonds was held, a second petition in all respects identical with the petition for the cancellation of said bonds which had been filed on December 17, 1945, except for the number of names signed to it, was presented to the Board of Trustees seeking another election to determine whether said bonds should be cancelled and revoked, and, on that date, appellees presented a petition to the district court of Harris County for an order restraining said Board of Trustees from selling said bonds until after the second election was held. The application was granted and a temporary injunction was issued on January 28, 1946, restraining the trustees from selling said bonds.

Article 2785, Vernon's Ann.Civil Statutes, requires the Board of Trustees for an Independent School District, upon the petition of 20 or more residents of the district, or a majority of those entitled to vote at such election, to order an election for the purpose of determining whether or not bonds shall be issued by a School District.

Article 2786a provides that: "Sec. 1. In the event any school bonds voted or issued, or any portion of such bonds * * * remain unsold, then * * * the board of trustees * * * may, upon its own motion, or upon a petition of not less than twenty, or a majority of the qualifying property tax paying voters thereof, * * * shall order an election to determine whether or not such school bonds shall be revoked and cancelled. * * *"

All statutory requirements for the holding of elections were regularly complied with by the Board of Trustees in the holding of both of said elections.

While appellants earnestly contend that the Board of Trustees was without authority under said Article 2786a to order a second election to submit to the voters of the district the question as to whether or not said school bonds should be cancelled and revoked, after an election had been regularly held for that purpose and the results thereof declared, we think the controlling question presented on the appeal, under the record, is whether the contract of the Board of Trustees to sell the bonds to Lovett Abercrombie & Company, and the deposit by the purchasers of $3,000 as earnest money, constituted such a sale within the meaning of said Article 2786a as to leave no bonds unsold, since, by its express terms, that statute applies only to any school bonds which remain unsold.

This exact question presented in this appeal was, we think, decided by the Supreme Court of this state under a parallel state of facts in the case of Henrietta Independent School District v. Garrett & Co., 119 Tex. 141, 25 S.W.2d 317, 319.

In that case the Court of Civil Appeals for the Second District certified to the Supreme Court the question as to whether a contract for the sale of certain school bonds by the Henrietta Independent School District to Garrett & Company was void. The trustees of the School District contended that the sale was void because the bonds were sold to Garrett & Company prior to the actual approval of the record by the Attorney General, their registration by the Comptroller, and a waiver by the Board of Education, under Articles 2670,

2673, and 2788, Revised Civil Statutes of Texas 1925, although the parties contemplated at the time of entering into the contract of sale that these things would be done before the performance of the contract by delivery of the bonds and the payment of the consideration therefor. In the court's opinion, which was adopted by the Supreme Court, it was held that these statutes were not mandatory to the extent that the failure to comply with the strict letter thereof as to time would render the contract of sale to Garrett & Company void when the contract contemplated a substantial compliance therewith. The court held that: "In other words, the statutes do not provide that any contract for the purchase and sale of bonds made before the things therein provided have actually transpired shall be void, and there are no words used declaring that the mode of procedure, or time provided, shall be mandatory to the strict letter."

Quoting with approval from the opinion of this court in the case of Gibson v. Davis, Tex.Civ.App., 236 S.W. 202, 211, the court held that a sale of road bonds must be held to be a substantial compliance with the law if the Attorney General, after examination of the bonds and the record authorizing their issuance, approves the same and holds that they are valid and the purchasers are ready to execute their contract by paying the contract price therefor, "such proposed sale must be upheld as a substantial compliance with the law."

The rule announced in the case of Henrietta Independent School District v. Garrett & Co., supra, is followed in the case of Dallas Trust & Savings Bank v. Wortham Independent School District, Tex.Civ.App., 25 S.W.2d 174, error refused.

■ It has been uniformly held by the decisions of the courts of this state and supported by the weight of authority from other jurisdictions, that the word "sold" does not necessarily in all connections mean that a conveyance must be made or that the title must pass. Sanderson v. Wellsford, 53 Tex.Civ.App. 637, 116 S.W. 382; Shainwald v. Cady, 92 Cal. 83, 28 P. 101; Eaton v. Richeri, 83 Cal. 185, 23 P. 286; Brooks v. Libby, 89 Me. 151, 36 A. 66. And it is held that "in common parlance, the word 'sold' does not necessarily include the idea

that the necessary writing has been executed to transfer the legal title, but rather that the terms and conditions of the sale have been agreed upon." Williams v. Ketcham, 37 Ind.App. 506, 77 N.E. 285, 289.

■ Under the stipulation in the record that the election proceedings were in all respects regular; that the Board of Trustees had entered an order authorizing the issuance of said bonds; that the transcript was filed with the Attorney General; that he had duly and regularly approved it, and that, while the transcript was in the process of preparation, the trustees had caused advertisements of the bonds to be circulated, and as a result thereof bids were duly and regularly received for said bonds and on December 21, 1945, they were sold to Lovett Abercrombie & Company upon their bid of par and accrued interest and a premium of $27.50 and upon allegation and proof that the bonds were duly printed and that they are now ready for delivery to the purchasers in accordance with the contract made with them, they having paid at the time of the signing of the contract the sum of $3,000 as earnest money, the bid being made subject to the printing and registration of the bonds as required by law, and that the purchasers are now ready, able and willing to pay the balance of the purchase price upon the delivery of the bonds, we think that the sale of said bonds to Lovett Abercrombie & Company must be upheld as a substantial compliance with the law and as a sale thereof within the purview of said Article 2786a.

Judgment of the trial court reversed and temporary injunction dissolved.

Judgment reversed,

Injunction dissolved.

### On Motions to Correct Opinion and for Rehearing.

Appellees have presented a motion in which they call our attention to the fact that our original opinion fails to reflect the entire stipulation concerning the conditional approval by the Attorney General of the record authorizing the issuance of the $150,000 in bonds involved in the appeal by the trustees of the Seabrook Independent School District.

The full stipulation by the parties, referred to by appellees, reads: "The transcript was filed with the Attorney General, including the amendatory order, and was approved by the Attorney General subject to the submission of the printed bonds in proper form together with a current non-litigation certificate."

This conditional approval of the bond record was made by the Attorney General prior to the execution by the trustees of the school district of the contract to sell said bonds to Lovett Abercrombie & Company.

The above correction in our original opinion in no way affects the final determination of this cause as embodied in our original opinion, under the rule announced in the case of Henrietta Independent School District v. Garrett & Co., supra. Appellees' motion for rehearing is refused.

Motion to correct original opinion granted.

Motion for rehearing refused.