## HUNTSVILLE INDEPENDENT SCHOOL DIST. et al. v. McADAMS et al.

### No. 12051.

Court of Civil Appeals of Texas. Galveston. Jan. 20, 1949.

Rehearing Denied Feb. 3, 1949.

Bracewell & Wright, of Huntsville, and Bracewell & Tunks, of Houston, for appellants.

J. G. Davis, and Gordon M. Burns, both of Huntsville, for appellees.

GRAVES, Justice.

This appeal is from a judgment of the district court of Walker County, sitting without a jury, granting the appellees, duly qualified private citizens, respective writs of mandamus and permanent injunction against the appellants, constituting the Board of Trustees of the Huntsville Independent School District, directing and commanding them "to forthwith, and within sixty (60) days from the date hereof, call and order an election, as provided for in Article 2786a, Vernon's 1948 Texas Civil Statutes, for the purpose of submitting to and determination by the qualified electors of said school district authorized to vote thereat the proposition of whether or not the $350,000.00 of school-bonds heretofore voted at an election held on July 10, 1947, shall be cancelled and revoked."

This is the second appeal in this controversy to this Court, the first one, challenging the issuance by the trial court of a temporary injunction to the same purport, which was affirmed by this Court, being reported in 207 S.W.2d at page 165 et seq.

The final judgment in such cause herein appealed from, as indicated, further specifically perpetuated such prior temporary injunction.

Since this Court's cited opinion, through its Chief Justice, set out the material facts underlying the controversy, which are shown to have been the same on both the temporary and permanent hearings for the restraint so finally granted, it is unnecessary to make further reference thereto than to cite that opinion.

Appellants now inveigh against the two forms of permanent restraint so issued against them upon two points of error, in which they contend—under their subjoined authorities—the trial court erred in so doing, in these two respects:

"(1) * * * in concluding that, under Article 2786a, Appellants were required to call an election for the cancellation of the authority to issue bonds, upon being petitioned to do so, although the bonds had not been issued, and there had been no change in conditions since the bonds had been previously voted.

"(2) * * * in overruling Appellants' plea in abatement, thereby concluding that, under Article 2670, an action by Appellees was not prematurely instituted prior to the submission of the entire bond-record

to the Attorney General for his approval or disapproval of the procedure followed in the issuance of the bonds." Davis v. City of San Antonio, Tex.Civ.App., 135 S.W.2d 306, error refused; Walker v. Haley, 110 Tex. 50, 214 S.W. 295; National Surety Corporation v. Ladd, 131 Tex. 295, 115 S.W.2d 600; Seabrook Independent School District v. Brown, Tex.Civ.App., 195 S.W. 2d 828; Smith v. Reaves, Tex.Civ.App., 208 S.W. 545; Southland Life Ins. Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722; Wood v. State, 133 Tex. 110, 126 S.W.2d 4, 121 A.L.R. 931; Wortham v. Walker, 133 Tex. 255, 128 S.W.2d 1138; General Laws of the State of Texas 1933, Regular Session, c. 104, p. 231; Vernon's Annotated Civil Statutes, Art. 2670.

Without extended discussion, these contentions are overruled, upon the overall conclusion that Articles 2786a and 2670, Vernon's 1948 Texas Civil Statutes, may not properly be given the several constructions appellants contend for.

While this Court, in its former cited opinion herein, did not pass upon the merits of the suit upon the final facts thereof, nor consider any issue, the decision of which would have disposed of the entire controversy, since it was passing upon a temporary injunction only, it did specifically hold that the trial court's granting of that writ restraining appellants from selling the school's improvement bonds, for the issuance of which the district had voted, pending the result of an election to determine whether the bonds should be "cancelled and revoked", was not an abuse of the trial court's discretion under either Article 2786a, or Article 2670.

In other words, in rendering that former decision on the hearing on the temporary injunction, this Court assumed the validity of the election at which such bonds had been voted, as well as the fact that, up to that stage, they had been properly authorized under Article 2786a. Those two situations having apparently been so taken as a matter of course, this Court then proceeded to determine that the controlling question at that time before it was whether or not the trial court had abused its discretion, which it determined in the negative, as indicated.

Article 2786a had also been before this Court in the prior case of Seabrook Independent School District et al. v. Brown et al., reported in 195 S.W.2d 828, in which, likewise, its validity had been so assumed, without any cognizance having been taken of the objections in this instance now made by the appellants against it.

In rendering that decision, this Court in effect, at least, construed the phrase "remain unsold" to simply mean that so long as some of the bonds had not been sold, or validly contracted to be sold, there were bonds remaining unsold within the meaning of the statute.

Wherefore, it is thought, the Legislature could not have intended to attach such conditions as appellants thus contend for: "It seems altogether probable that the Legislature really intended by the enactment of this statute to provide a means for the cancellation of such bonds as remain unsold after the program for which they were voted had been either completed, or abandoned, or after the circumstances as to the need for, or wisdom of, the issuance of the said bonds had been changed."

Neither is this Court able to perceive any such ambiguities on the face of Article 2786a to the extent of so clouding its meaning as to require specific construction as against them as appellants contend for; on the contrary, the petitions therefor in this instance were shown to have specifically requested the appellant school board "to call an election, as provided for in Article 2786a", and that such election be held, "as provided for by the Laws of the State of Texas".

In the first of these recitations, although they also petitioned for an election to cancel and revoke "the authority of the board to issue the bonds", it would be like parsing them out of Court to hold that this incidental recitation constitutes any variance or material departure from the terms of the statute, since no special form of petition was therein described.

In other words, since the petition in this instance referred to the particular article

of the statutes invoked, and definitely identified the bonds under consideration, requesting that the election to cancel and revoke them be, as provided for in that particular statute, nothing else is needed. Dillard v. State, 31 Tex.Cr.R. 470, 20 S.W. 1106.

■ Neither may an ambiguity—not otherwise perceptible therein—be engrafted upon the body of this law by reference to its emergency clause, as appellants apparently think.

. The substance of its emergency clause is this:

"The fact that many school districts have voted bonds for the construction of school buildings and have found it unnecessary to expend the entire proceeds of such bond issue for that purpose, creates an emergency, etc."

Their brief thus states their indicated position:

"The language of that clause clearly explains the evil for which the enactment of the statute was had, namely, the fact that school districts have found it unnecessary to expend the entire proceeds of bond issues voted by them. * * *

" * * * The purpose was to provide a legal method for disposing of the remaining bonds that were left over, after a program has been either completed, or abandoned. This purpose becomes apparent from the reading of the emergency-clause."

They cite no authority as sustaining that construction, and this Court is persuaded that none exists, at least in so far as Texas is concerned. On the contrary, it has uniformly been held by our courts that the sole purpose of an emergency clause is to determine when an act shall become operative as a law; that its office is not to state the reason for the enactment of the measure, but merely to recite the conditions which the Legislature deems sufficient as an emergency to permit it to become operative as a law immediately after its passage and approval, as otherwise—pursuant to Article III, Section 39, of the State Constitution, Vernon's Ann.St.—it could not go into effect until 90 days after the adjournment of that session of the Leg-

islature. Without laboring that point, these authorities are cited as sustaining the holding here made upon it: Ex parte Lipscomb, 111 Tex. 409, 239 S.W. 1101; Lloyd's Casualty Co. v. Lem, Tex.Civ.App., 62 S.W.2d 497, W.E. Dism.

■ Appellants' plea in abatement, grounded upon Article 2670, Vernon's 1948 Texas Civil Statutes, contending that appellees prematurely brought this suit because the bond record constituting the base of its subject matter had not first been submitted to the Attorney General for his approval, is held to have been properly overruled by the trial court, because it was based upon an unreality.

This, for the reason that neither the validity nor the regularity of such bonds were questioned by either party to the suit; to the contrary, the parties agreed upon those conditions upon the trial, through appellees' request therefor, and the appellants' reply thereto; so that, following that state of the record, the appellees neither challenged the validity of nor sought to enjoin the issuance of such bonds, but only undertook to prevent the appellants from selling, offering for sale, or contracting to sell the bonds, until an election could be called and held, pursuant to Article 2786a to determine whether or not they should be cancelled and revoked. The trial court, accordingly, granted appellees no other relief.

Indeed, so far as anything in the court's injunctive order is concerned, such bonds may still be presented to the Attorney General for the exercise of his statutory duty concerning them.

For these reasons, the two cases cited by appellants do not support their contention upon this feature—that is, Davis v. City of San Antonio, Tex.Civ.App., 135 S. W.2d 306, and Smith v. Reaves, Tex.Civ. App., 208 S.W. 545, in both of which the judgments of the courts were based upon the fact that the validity of the bonds therein dealt with had been questioned, and that the injunctive relief sought was to prevent the issuance of them.

To this cause, however, in which the validity and issuance of the bonds was in no respect challenged, Article 2670 is not

applicable; on the contrary, the situation here presented—being considered to be on all-fours upon the material facts therein—is held to be controlled by the decision in Cameron v. Waco, Tex.Civ.App., 8 S.W. 2d 249.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal; they require an affirmance of the appealed from judgment. It will be so ordered.

Affirmed.