## KOSTOFF v. HARRIS.

No. 14792.

Court of Civil Appeals of Texas.

Dallas.

Feb. 5, 1954.

Rehearing Denied March 5, 1954.

Rufus N. McKnight, Dallas, for appellant.

Roger Lewis and Otis Bowyer, Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal from an order granting a temporary injunction restraining appellant from injuring appellee Harris, or from visiting appellee's place of business.

Appellant has briefed these alleged errors: (1) No injunction bond was required or filed; (2) equity powers of a civil court should not have been exercised to enjoin the commission of a crime; (3) the pleadings are insufficient; and (4) there is no evidence to support the court's order.

The trial court should have required appellee to file an injunction bond. Rule 684, Texas Rules of Civil Procedure. However the failure to do so did not render the order void, but voidable only, and subject to amendment or correction. Carleton v. Dierks, Tex.Civ.App., 195 S.W.2d 834. Since we are reversing the order on other grounds we think that the question of a bond becomes immaterial.

The record discloses that on September 9, 1953 appellant and appellee engaged in a fight on a driveway not far from appellee's place of business. On September 25, 1953 appellee was granted an ex parte restraining order, and the court set October 1, 1953 as the date for a hearing as to whether a temporary injunction should be granted.

The only witnesses who testified at the hearing on October 1, 1953 were appellant Kostoff and appellee Harris. Their testimony was in sharp conflict as to the fight of September 9, 1953. Each blamed the other as the aggressor. Each claimed injuries of such a nature as to require medical attention. Each in substance, though not in exact words, proclaimed himself a peaceful and law-abiding citizen.

In his petition appellee alleged that appellant was threatening to give trouble and to annoy and harass him and that he feared appellant.

But appellee's own testimony contradicts his pleadings. We quote from appellee's testimony:

"Q. Have you talked to this defendant since this alleged occurrence? A. No, sir, I didn't.

"Q. Well, has he attempted to approach you? A. No, sir.

"Q. Well, nobody has threatened you? A. No, sir.

"Q. Nobody has told you anything? A. No, sir. I won't tell no lies."

We are aware that the granting of a temporary injunction is addressed to a trial court's sound discretion. But there are limits to such discretion, and on appeal a temporary injunction will be dissolved if it appears from the record that there was an erroneous application of law to undisputed facts. Southland Life Ins. Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722 (opinion adopted by S.C.); Crouch v. Crouch, Tex.Civ.App., 164 S.W.2d 35. In this case appellee himself testified that since the fight occurred nobody has threatened him and that appellant has not talked to him or approached him. As a matter of law to warrant the issuance of a temporary injunction the facts must make it appear that an injurious wrong, irreparable in its nature, is imminently threatened. Spears v. City of South Houston, 136 Tex. 218, 150 S.W.2d 74 (opinion adopted by S.C.). "Mere uncertainty or mere apprehension of injury is not sufficient." Thomas v. Bunch, Tex.Civ.App., 41 S.W.2d 359, 362, affirmed, Bunch v. Thomas, 121 Tex. 225, 49 S.W.2d 421. " * * * an injunction will not lie to prevent an alleged threatened act, the commission of which is speculative and the injury from which is purely conjectural." Haden Employees' Ass'n v. Lovett, Tex. Civ.App., 122 S.W.2d 230, 232 (ref.). Under the undisputed facts in the case before us appellee as a matter of law was not entitled to a temporary injunction.

Further, in the absence of statutory authority, equity will not enjoin the commission of a crime unless property rights are involved. Pitman v. State, Tex.Civ. App., 234 S.W.2d 436; Lammon v. City of San Antonio, Tex.Civ.App., 223 S.W.2d 533 (ref. n. r. e.); 4 Pomeroy's Equity Jurisprudence, Fifth Ed., sec. 1347, p. 949. And this rule has been held to apply to a mere threatened physical injury, the reason being that the remedies for damages and criminal prosecution are considered adequate. 43 C.J.S., Injunctions, § 131, p. 678; Allbee v. Elms, 93 N.H. 202, 37 A.2d 790.

The order of the trial court granting a temporary injunction is reversed and the temporary injunction is dissolved.