### BERNIE'S CUSTOM COACH OF TEXAS, INC., Plaintiff,

v.

### SMALL BUSINESS ADMINISTRATION and Gulf American SBL, Inc., Defendants.

### Civ. A. No. H–92–1153.

United States District Court, S.D. Texas, Houston Division.

July 23, 1992.

Allison J. Snyder, Richie & Greenberg, Houston, TX, for plaintiff.

William Allen Wirth, Sp. Asst. U.S. Atty., Houston, TX, for Small Business Admin.

Stephen W. Schueler, Winstead Sechrest & Minick, Houston, TX, for Gulf American SBL Inc.

## SUMMARY JUDGMENT ORDER

HOYT, District Judge.

Pending before the Court are the cross-motions for summary judgment of the plaintiff, Bernie's Custom Coach of Texas, Inc., and the defendants, Small Business Administration and Gulf American SBL, Inc. Having reviewed the motions, the responses and the applicable law, the Court is of the opinion that the defendants' motions for summary judgment should be granted.

## FACTUAL BACKGROUND

The undisputed facts of this case establish that in September of 1990, the plaintiff executed a promissory note in the amount of $922,000 payable to Gulf American. The note was secured by a Deed of Trust on certain real property and was partially guaranteed by the SBA.

The plaintiff defaulted on the note and, according to the terms of the guaranty, the SBA paid 84% of the amount due on the note to Gulf American. The SBA then accelerated the maturity date of the note, and made demand upon the plaintiff for payment. When the plaintiff failed to make payment, the SBA posted the property pledged for foreclosure. Before the foreclosure could be consummated, the plaintiff filed a petition for bankruptcy and this suit.

## CONTENTIONS

■ The sole issue to be determined is whether the note is usurious as a matter of law. The plaintiff argues that the note is usurious because the language regarding the right to accelerate allows the defendant to collect unearned interest. The defendants contend that when the language of the note is read as a whole, it is not usurious.

## DISCUSSION

■ A contract is usurious if, upon a fair and reasonable interpretation of all its terms, it is manifest that the lender intended to exact more interest than allowed by law. *Smart v. Tower Land and Investment Co.,* 597 S.W.2d 333 (Tex.1980). A contract will be presumed nonusurious "unless it expressly entitles the lender, upon the happening of a contingency or otherwise, to exact interest at a rate greater than that allowed by law." *Id.* at 341, *citing W.E. Grace Manufacturing Co. v. Levin,* 506 S.W.2d 580, 584 (Tex.1974). Thus, a court must look to the entire contract and determine whether savings clauses are included that may defeat otherwise usurious language. "The effect of such clauses in a particular case is largely a question of con-

struing the terms of the savings clauses as a whole and in light of the circumstances surrounding the transaction." *Woodcrest Assoc., Ltd. v. Commonwealth Mortgage Corp.,* 775 S.W.2d 434, 438 (Tex.App.—Dallas 1989, writ denied). Therefore, where a contract is susceptible to more than one reasonable construction, one of which would deem it usurious, the court will adopt the construction which comports with legality. *Martinez v. Corpus Christi Area Teachers Credit Union,* 758 S.W.2d 946 (Tex.App.—Corpus Christi 1988, writ denied).

Specifically, the dispute centers on an interpretation of the term "indebtedness." "Indebtedness" is defined as "the indebtedness evidenced by the Note, including principal, interest, and expenses, whether contingent, now due or *hereafter to become....*" [Emphasis supplied]. The plaintiff contends that the term "contingent" also relates to interest, thus permitting the defendant to collect interest that has not accrued.

Historically, the use of the term "indebtedness" has meant that the holder of the note may demand only earned interest while permitting the recovery of principal that otherwise, is not due. *See Southland Life Insurance Co. v. Egan,* 126 Tex. 160, 86 S.W.2d 722 (1935); *see also Marble Savings Bank v. Davis,* 124 Tex. 560, 80 S.W.2d 298 (1935). There is no evidence that the term contingent refers only, if at all, to the interest charged in the note. Even if the term contingent does refer to principal, interest and expenses, it merely describes the indebtedness in its entirety, which amounts are restricted by other terms of the note. From the documents on file, the Court cannot glean any basis for not applying the historical meaning to the term indebtedness.

The Court is of the opinion that this provision when read in the context of the note as a whole, expressly prohibits the lender from exacting a greater amount of interest than is allowed by law. After reviewing the note and deed of trust, and in particular, the savings clause, this Court concludes that the manifest intent of the parties was to structure the transaction so as to avoid contracting for usurious interest. Accordingly, the Court finds that the note is non-usurious, and that the defendants are entitled to judgment as a matter of law.

It is therefore ORDERED that the motion for summary judgment of the defendant Gulf American SBL, Inc. is GRANTED and the motion of the plaintiff Bernie's Custom Coach of Texas, Inc. is DENIED.

Pursuant to the summary judgment order entered in this case, the plaintiff, Bernie's Custom Coach of Texas, Inc., shall take nothing by its claims against the defendants, the Small Business Administration and Gulf American SBL, Inc.

Judgment is awarded against Bernie's Custom Coach of Texas, Inc. on behalf of Gulf American SBL, Inc. as follows:

a) Damages      $919,961.22
b) Interest at the rate of 10.75% from the date of default to the date of this judgment;
c) Costs of Court; and
d) Interest on the principal and accrued interest at the rate of 4.11% per annum until paid.